IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Globefill Incorporated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19 cv 4593 |
| | ) | |
| Stoller Imports, Inc., and Matatena Spirits, S.A. DE C.V. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Globefill Incorporated, by its undersigned attorneys, for its complaint and jury demand against Defendants, Stoller Imports, Inc. and Matatena Spirits, S.A. DE C.V., alleges as follows:

## PARTIES AND JURISDICTION

1. Globefill Incorporated (hereinafter "Globefill"), is a Canadian corporation with its principal place of business at 309 Alfred Street, Kingston, Ontario, Canada K7L3S4. Globefill's majority owner is the actor and entertainer Dan Aykroyd. Dan Aykroyd and Globefill have promoted and sold the Crystal Head vodka brand continuously throughout the United States and around the world since September 2008 packaged in the trade dress shown below:



(hereinafter "CHV Bottle").

2.     Upon information and belief, defendant Stoller Imports, Inc. (hereinafter "Stoller") is an Illinois corporation with its principal place of business at 4811 Emerson Avenue, Suite 203, Palatine, Illinois 60067.

3.     Upon information and belief, defendant Matatena Spirits, S.A DE C.V. (hereinafter "Matatena") is a Mexican corporation with its principal place of business at Tepeyac #955-A Col. Chapalita Zapapan Jalisco, Mexico 45040.  Matatena produces a tequila product in Mexico which is imported into the United States, including into Illinois and this judicial district, exclusively through Stoller (Matatena and Stoller are collectively referred to as "Defendants").  Defendants package their tequila product in the trade dress shown below:



(hereinafter "Defendants' Bottle").

4.     This is an action for trademark infringement and related claims of unfair competition under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* (the "Lanham Act").  This Court has original subject matter jurisdiction of this action under 28 U.S.C. §§1331, 1332, 1338(a)-(b) and 1367(a).  Venue is proper in this district under 28 U.S.C. §§1391 and 1400(a).  This Court has power to cancel United States Patent and Trademark registrations under 15 U.S.C. § 1119.

5.     This Court has personal jurisdiction over Defendants and venue is proper in this district because, *inter alia,* (a) Matatena sells its infringing products into the United States and Illinois through its exclusive importer, Stoller thereby conducting business in this district;

2

(b) Stoller's principal place of business is in this district; and (c) some of the acts giving rise to the claims set forth herein occurred and are continuing to occur in this district.

## STATEMENT OF FACTS

6. Globefill is the owner of Crystal Head vodka which it has promoted and sold throughout the United States since September 2008 in the CHV Bottle, an inherently distinctive shaped bottle packaging. The CHV Bottle shape is registered under United States Patent and Trademark Office Registration Number 4043730 for "alcoholic beverages, namely vodka" as shown in Exhibit A. Globefill's registration is incontestable under Section 15 of the Lanham Act.

7. Globefill has committed a significant amount of time and expense to conceive and develop the CHV Bottle, and its marketing of its vodka has centered on its distinctively shaped bottle. Globefill is closely associated with the famous actor and entertainer, Dan Aykroyd, who has been a centerpiece of Globefill's promotion of its Crystal Head vodka and its unique bottle throughout the world including this district. Beginning in 2005 Dan Aykroyd became interested in conceiving and developing his own alcoholic beverage product. He was not interested in simply using his reputation to endorse or promote the product of others but rather he wanted to apply his creative skills in a different context. Aykroyd was not naïve about the risks involved with such a venture in a highly competitive market full of established and distinctive well-known brands. He realized that the viability of his new company depended upon building goodwill and a reputation as quickly as possible following his entry into the market. Building goodwill and reputation that quickly would require a nearly disruptive approach to the market, entering it with a high-quality product, packaged and promoted like nothing else currently on the market. When Globefill's vodka entered the market, there were no other head shaped bottles used to package an alcoholic beverage of any kind - period. In fact, Aykroyd could find no evidence that there had ever been

3

an alcoholic beverage sold in a skull or head shaped bottle throughout the history of the alcoholic beverage industry.

8. Unfortunately, almost immediately upon seeing the new CHV Bottle, many third parties began offering competing alcoholic beverages in all forms of head shaped bottles. From shortly after Globefill's entry into the market until the Defendants' recent infringing product, Globefill has been forced to spend an enormous amount of time and energy litigating against infringers. The litigation was, and is, necessary to defend Globefill's right to have the alcoholic beverage market in the state it was when Globefill took the risk to enter it with its unique (and expensive to produce) product packaging. By way of cease and desist letters and federal court litigation, Globefill has successfully policed its rights in its bottle shape against various third-party infringers, including in the following federal district court actions:

> *Globefill Incorporated v. Elements Spirits, Inc.*, Case No. 10-CV-2034 (C.D. Cal. Mar. 10, 2010) – ended in jury verdict on October 18, 2017 with a finding of infringement and the with infringing product permanently enjoined;
>
> *Globefill Incorporated v. Tequilera La Tilica S A de C V et al,* Case Number: 2:13-cv-02056-ODW-CW (March 21, 2013 CD Cal) – ended in settlement with infringing product off of the market;
>
> *Globefill Incorporated v. Maud Borup, Inc.*, Case No. 4:14-cv-04776 (Nov. 17, 2013 D. Minn.) – ended in settlement with infringing product off of the market; and
>
> *Globefill Incorporated v. Coastal Cocktails, Inc., et al.,* Case No. 8:17-cv-00438 AG(JCGx (March 13, 2017 CD Cal) – ended in consent judgment on June 26, 2018 with infringing product off of the market.

9. Upon information and belief, on December 19, 2015, Matatena filed an application (which matured into registration number 5456109) with the USPTO to register its bottle packaging for use in association with "distilled spirits; mezcal; distilled blue agave liquor." The application was based on a home country registration which will not require evidence of use in the United

4

States until five years following the date of registration which was May 1, 2018. The bottle depicted in the registration is as follows:



USPTO "Trademark Electronic Search System" page attached as Exhibit B.

10. On April 6, 2016, during prosecution of Matatena's application number 86851695 (which matured into U.S. Reg. No. 5456109), the examining attorney issued an office action referencing Globefill's Reg. No. 4043730 as a bar to registration of Matatena's trade dress on the ground of a likelihood of confusion between the two bottles under Section 2(d) of the Lanham Act 15 U.S.C. § 1052(d). The examining attorney stated that:

> The applicant's mark and the registrant's marks are highly similar and they convey a very similar commercial impression. Here, all of the marks share a very similar bottle design with the shape of a human head or skull and all of the marks are used to identify distilled alcoholic liquor.
>
> When the marks at issue are design marks, similarity of the marks is determined primarily on the basis of visual similarity. . . . However, a side-by-side comparison is not the test. . . . When comparing design marks, the focus is on the overall commercial impression conveyed by such marks, not on specific differences. . . .
>
> Where the goods and/or services of an applicant and registrant are identical or virtually identical, the degree of similarity between the marks required to support a finding of likelihood of confusion is not as great as in the case of diverse goods and or services. . .
>
> Such is the case here. The goods of the applicant are distilled spirits, mescal and tequila. The goods of the registrant are vodka. Thus, the goods of both parties are closely related because the goods of both parties are distilled alcoholic liquor. As such, the goods of both parties will travel and will be marketed in the same channels of trade to the same class of consumers. Thus, consumers are likely to encounter the goods of both parties and are likely to mistakenly believe that the goods emanate from the same source. Accordingly, confusion is likely.

A copy of the pertinent parts of April 6, 2016 Office Action is attached as Exhibit C (citations omitted).

11. On June 15, 2016, despite the fact that Matatena's application was for "distilled spirits" generally (and separately, mezcal and tequila), and despite the fact that a Section 2(d) rejection analysis should properly be focused on likelihood of confusion between trade dress - not products contained in the packaging trade dress, Matatena responded to Office Action by making legally impermissible and factually misleading arguments, including, arguments such as:

> [the] product that the propose[d] trademark seek protection for are MEZCAL, TEQUILA, specifically, that excludes any other that the oppose registration protect: vodka ONLY, because my product it's only TEQUILA and MEZCAL, products that cannot be freely produced because they are DENOMINATION OF ORIGIN, and can only be produced in Mexico.

A copy of the pertinent parts of June 15, 2016 Response to Office Action is attached as Exhibit D.

12. In a May 22, 2017 Office Action dealing primarily with the need for Matatena to amend its drawing, the examining attorney inexplicably stated that "[t]he Section 2(d) refusal is withdrawn."

13. On June 13, 2019, one of Globefill's "Brand Managers" reported the market entry of Defendants' infringing bottle packaging in alcoholic beverage trade shows in this district, in Chicago, and in Brooklyn, New York earlier in the week. The Brand Manager took the following photographs at the Brooklyn Trade Show:



Copy of photos attached as Exhibit E.

6

14. In a market comprised of many alcoholic beverage products, packaged in many different bottle shapes, only two are head or skull shaped, Globefill's CHV Bottle and Defendants' Bottle. Due to the similarity between these two, and their lack of similarity to any other third-party bottle in the market, confusion is almost certain if Defendants' continue with their nascent market entry.

### COUNT I:
### FEDERAL TRADEMARK INFRINGEMENT IN VIOLATION OF LANHAM ACT § 32; 15 U.S.C. §1114
### (Against All Defendants)

15. Globefill hereby repeats, and incorporates by reference, the allegations set forth in paragraphs 1 through 14 herein.

16. Defendants' conduct, as described above, is likely to cause confusion, mistake and deception, including, without limitation, among consumers in Illinois and in interstate commerce, and thus infringes Globefill's incontestable federally registered bottle shape trade dress in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

17. As a direct and proximate result of Defendants' wrongful conduct, Globefill has lost, or is in serious risk of losing, control over its valuable, indispensable and irreplaceable goodwill, causing irreparable harm and injury.

18. Injury to Globefill is continuing and will continue unless Defendants' actions are restrained by the Court. Unless Defendants are enjoined from continuing to engage in their wrongful conduct, Globefill will suffer further irreparable injury and harm, for which there is no adequate remedy at law.

## COUNT II:
## FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION IN VIOLATION OF LANHAM ACT § 43(a); 15 U.S.C. §1125(a)
**(Against All Defendants)**

19. Globefill hereby repeats, and incorporates by reference, the allegations set forth in paragraphs 1 through 18 herein.

20. Defendants' conduct, as described above, constitutes false designation of origin and unfair competition because it is likely to cause confusion, mistake and deception, including, without limitation, among consumers in Illinois and in interstate commerce, as to affiliation, connection and association between the source of Globefill's product and that of Defendants' in violation of section 43(a) of the Lanham Act. 15 U.S.C. § 1125(a).

21. By the aforesaid acts, Defendants have falsely designated the origin, quality and nature of their goods and business and have falsely described and represented the same, causing likelihood of confusion and constituting unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C § 1125(a)). Unless enjoined by this Court from so doing, Defendants will continue to engage in its acts of false representation and designation as complained of herein, to the irreparable damage and injury of Globefill.

22. Upon information and belief, the aforesaid acts of false designation of origin by Defendants have been undertaken with knowledge of Globefill's exclusive rights to its bottle product packaging, and are willful, entitling Globefill to an award of treble damages and attorneys' fees in bringing and maintaining this action, pursuant to Section 35(b) of the Trademark Act, 15 U.S.C. § 1117(b).

**COUNT III:**
**CANCELLATION OF USPTO REGISTRATION NUMBER 5456109**
**(Against Defendant Matatena)**

23. Globefill hereby repeats, and incorporates by reference, the allegations set forth in paragraphs 1 through 22 herein.

24. Section 37 of the Lanham Act, 15 U.S.C. § 1119, empowers this Court to order the cancellation of a federally-registered trademark upon "any action involving a registered mark."

25. Globefill believes that it is being damaged by Matatena's Registration No. 5456109 for trade dress in the form of a bottle shaped as a head, registered on the Principal Register on May 1, 2018 for use in association with "distilled spirits; mezcal; distilled blue agave liquor" in international class 033, and hereby seeks cancellation of same.

26. Matatena's USPTO application number 86851695 was filed on December 16, 2015, and it was based on Section 44(d) of the Lanham Act 15 U.S.C. § 1126(d) (which gives it a priority date of the filling of its Mexican home country application on December 11, 2015). Matatena perfected its filing based on its Mexican home country registration number 1684208 under Section 44(e) of the Lanham Act 15 U.S.C. § 1126(e) and the registration issued under number 5456109. Section 44(e) was the sole basis upon which registration number 5456109 issued, which means that Matatena was not required to use the trade dress in U.S. commerce as a prerequisite to registration.

27. Globefill's trade dress registration number 4043730 issued on October 25, 2011, and Globefill's first use of its trade dress in U.S. commerce was in September 2008, giving Globefill priority of rights over Matatena's registration number 5456109.

28. The identification of goods in registration number 5456109 used a semi-colon following "distilled spirits" which, under the specific guidelines of Section 1402.01(a) of the USPTO's Trademark Manual of Examining Procedure ("TMEP"), means that "distilled spirits" is

9

a claim of intended use separate and apart from "mezcal" and "distilled blue agave," which were also separated by semi-colons.

29. Although Matatena was not required to show evidence of use of these three separate categories of products, Section 1(b) of the Lanham Act 15 U.S.C. § 1051(b) required Matatena to verify that it had a *bona fide* intent to use the mark on all of the goods identified in the application.

30. Vodka is a "distilled spirit" and vodka is directly competitive with, complementary and related to "mezcal" and "distilled blue agave."

31. Vodka, mezcal and distilled blue agave and all other distilled spirits travel in the same trade channels under the same purchasing conditions.

32. Color is not claimed as a feature in either Matatena's Reg. No. 5456109 or Globefill's Reg. No. 4043730.

33. Given that the shape of Matatena's trade dress, registered under USPTO Reg. No. 5456109, is very similar to that of Globefill's trade dress, registered under USPTO 4043730, for use in association with identical products (vodka being a "distilled spirit"), and that Globefill's rights have priority over that of Matatena, Reg. No. 5456109 should be cancelled under Section 2(d) of the Lanham Act 15 U.S.C. § 1052(d) on the basis of confusing similarity.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Globefill, respectfully prays this Court orders:

A. That Defendants jointly and severally, along with their officers, agents, servants, employees, attorneys, confederates, and all other persons in active concert or participation with Defendants to whom notice of the injunction is given by personal service or otherwise, be enjoined, at first preliminarily and, thereafter, permanently, from making any use of the subject bottle trade dress in any manner whatsoever;

B. That Defendants jointly and severally be ordered to deliver up to Globefill for destruction all materials comprising or associated with the infringing bottle trade dress;

C. That Defendants jointly and severally be ordered to recall all goods, advertisements and promotional materials comprising or associated with the infringing bottle trade dress from their present locations, including, but not limited to, locations owned by others;

D. That the Court order the cancellation of USPTO registration number 5456109;

E. That Defendants jointly and severally be required to account to Globefill for any and all profits derived by them and/or to compensate Globefill for all damages sustained by Globefill by reason of the acts complained of herein, and that such damages be trebled;

F. That Defendants jointly and severally pay Globefill's attorneys' fees, costs, and disbursements incurred in this action in view of the exceptional nature of this case due to the willful and intentional nature of the infringement; and

G. Such other and further relief as the Court deems just.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Dated: July 8, 2019

Respectfully submitted,

GLOBEFILL INCORPORATED

By: /s/ Leif R. Sigmond, Jr.

Leif R. Sigmond, Jr. (6204980)
Kiley C. Keefe (6320902)
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606
Telephone: (312) 416-6200
Facsimile: (312) 416-6201
lsigmond@bakerlaw.com
kkeefe@bakerlaw.com

John H. Weber (DC Bar No. 410691)
*(Pro Hac Vice Application pending)*

11

BAKER & HOSTETLER LLP
Washington Square
1050 Connecticut Avenue, NW
Suite 1100
Washington, D.C. 20036
Telephone: (202) 861-1526
Facsimile:(202) 861-1783

*Attorneys for Plaintiff*
*Globefill Incorporated*