**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Globefill Incorporated,               )
                                             )
                  Plaintiff,         )
                                           )       Case No. 1:l 9-cv-04593
                v.                     )
                                           )       Honorable Andrea R. Wood
Stoller Imports, Inc., and Matatena Spirits,   )
S.A. DE C.V.                           )       JURY TRIAL DEMANDED
                                           )
                  Defendants.    )

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendants Stoller Imports, Inc. ("Stoller") and Matatena Spirits, S.A. DE C.V. ("Matatena") (together, "Defendants"), by and through its undersigned counsel, hereby submit the following answer and affirmative defenses in response to Plaintiff Globefill Incorporated's ("Globefill" or "Plaintiff") Complaint.

**PARTIES AND JURISDICTION**

1.    Globefill Incorporated (hereinafter "Globefill"), is a Canadian corporation with its principal place of business at 309 Alfred Street, Kingston, Ontario, Canada K7L3S4. Globefill's majority owner is the actor and entertainer Dan Aykroyd.  Dan Aykroyd and Globefill have promoted and sold the Crystal Head vodka brand continuously throughout the United States and around the world since September 2008 packaged in the trade dress shown below:



(hereinafter "CHV Bottle").

**ANSWER**: Defendants are without information or belief as to the truth or falsity of the allegations contained in Paragraph 1 and therefore deny them.

1

2.     Upon information and belief, defendant Stoller Imports, Inc. (hereinafter "Stoller") is an Illinois corporation with its principal place of business at 4811 Emerson Avenue, Suite 203, Palatine, Illinois 60067.

**ANSWER**: Admitted.

3.     Upon information and belief, defendant Matatena Spirits, S.A DE C.V. (hereinafter "Matatena") is a Mexican corporation with its principal place of business at Tepeyac #955-A Col. Chapalita Zapapan Jalisco, Mexico 45040. Matatena produces a tequila product in Mexico which is imported into the United States, including into Illinois and this judicial district, exclusively through Stoller (Matatena and Stoller are collectively referred to as "Defendants"). Defendants package their tequila product in the trade dress shown below:



(hereinafter "Defendants' Bottle").

**ANSWER**: Matatena admits it is a Mexican corporation with its principal place of business at Tomás V. Gómez 55, Colonia Los Maestros, Zapopan, Jalisco 45150.  Matatena admits it produces tequila in Mexico, which Stoller exclusively imports into the United States, including into Illinois and this judicial district.  Matatena admits its tequila is sold in bottles shaped like the bottle in Paragraph 3, which is the subject of federal trademark registration no. 5456109.  Defendants deny the remaining allegations in Paragraph 3.

4.     This is an action for trademark infringement and related claims of unfair competition under the Lanham Act, 15 U.S.C. §§ 1051, et seq. (the "Lanham Act"). This Court has original subject matter jurisdiction of this action under 28 U.S.C. §§1331, 1332, 1338(a)-(b) and 1367(a). Venue is proper in this district under 28 U.S.C. §§1391 and 1400(a). This Court has power to cancel United States Patent and Trademark registrations under 15 U.S.C. § 1119.

**ANSWER**: Defendants admit that Globefill's Complaint purports to include claims for trademark infringement and related claims of unfair competition.  Defendants admit that this Court has original subject matter jurisdiction of this action and that venue is proper in this district. Defendants admit that this Court has power to cancel United States Patent and Trademark registrations. Defendants deny the remaining allegations in Paragraph 4.

5.    This Court has personal jurisdiction over Defendants and venue is proper in this district because, *inter alia*, (a) Matatena sells its infringing products into the United States and Illinois through its exclusive importer, Stoller thereby conducting business in this district; (b) Stoller's principal place of business is in this district; and (c) some of the acts giving rise to the claims set forth herein occurred and are continuing to occur in this district.

**ANSWER**: Defendants are not disputing jurisdiction or the appropriateness of this venue.

Defendants admit that Matatena sells products into the United States to Stoller, and that Stoller

is Matatena's exclusive importer. Defendants admit Stoller's principal place of business is in this

district. Defendants deny the remaining allegations in Paragraph 5.

## STATEMENT OF FACTS

6.    Globefill is the owner of Crystal Head vodka which it has promoted and sold throughout the United States since September 2008 in the CHV Bottle, an inherently distinctive shaped bottle packaging. The CHV Bottle shape is registered under United States Patent and Trademark Office Registration Number 4043730 for "alcoholic beverages, namely vodka" as shown in Exhibit A. Globefill's registration is incontestable under Section 15 of the Lanham Act.

**ANSWER**: Defendants are without information or belief as to the truth or falsity of the

allegations contained in Paragraph 6 and therefore deny them.

7.    Globefill has committed a significant amount of time and expense to conceive and develop the CHV Bottle, and its marketing of its vodka has centered on its distinctively shaped bottle. Globefill is closely associated with the famous actor and entertainer, Dan Aykroyd, who has been a centerpiece of Globefill's promotion of its Crystal Head vodka and its unique bottle throughout the world including this district. Beginning in 2005 Dan Aykroyd became interested in conceiving and developing his own alcoholic beverage product. He was not interested in simply using his reputation to endorse or promote the product of others but rather he wanted to apply his creative skills in a different context. Aykroyd was not naïve about the risks involved with such a venture in a highly competitive market full of established and distinctive well-known brands. He realized that the viability of his new company depended upon building goodwill and a reputation as quickly as possible following his entry into the market. Building goodwill and reputation that quickly would require a nearly disruptive approach to the market, entering it with a high-quality product, packaged and promoted like nothing else currently on the market. When Globefill's vodka entered the market, there were no other head shaped bottles used to package an alcoholic beverage of any kind - period. In fact, Aykroyd could find no evidence that there had ever been an alcoholic beverage sold in a skull or head shaped bottle throughout the history of the alcoholic beverage industry.

**ANSWER**: Defendants are without information or belief as to the truth or falsity of the

allegations contained in Paragraph 7 and therefore deny them.

8.     Unfortunately, almost immediately upon seeing the new CHV Bottle, many third parties began offering competing alcoholic beverages in all forms of head shaped bottles. From shortly after Globefill's entry into the market until the Defendants' recent infringing product, Globefill has been forced to spend an enormous amount of time and energy litigating against infringers. The litigation was, and is, necessary to defend Globefill's right to have the alcoholic beverage market in the state it was when Globefill took the risk to enter it with its unique (and expensive to produce) product packaging. By way of cease and desist letters and federal court litigation, Globefill has successfully policed its rights in its bottle shape against various third-party infringers, including in the following federal district court actions: *Globefill Incorporated v. Elements Spirits, Inc.*, Case No. 10-CV-2034 (C.D. Cal. Mar. 10, 2010) – ended in jury verdict on October 18, 2017 with a finding of infringement and the with infringing product permanently enjoined; *Globefill Incorporated v. Tequilera La Tilica S A de C V et al*, Case Number: 2:13-cv-02056-ODW-CW (March 21, 2013 CD Cal) – ended in settlement with infringing product off of the market; *Globefill Incorporated v. Maud Borup, Inc.*, Case No. 4:14-cv-04776 (Nov. 17, 2013 D. Minn.) – ended in settlement with infringing product off of the market; and *Globefill Incorporated v. Coastal Cocktails, Inc., et al.*, Case No. 8:17-cv-00438 AG(JCGx (March 13, 2017 CD Cal) – ended in consent judgment on June 26, 2018 with infringing product off of the market.

**ANSWER**: Defendants are without information or belief as to the truth or falsity of the

allegations contained in Paragraph 8 and therefore deny them.

9.     Upon information and belief, on December 19, 2015, Matatena filed an application (which matured into registration number 5456109) with the USPTO to register its bottle packaging for use in association with "distilled spirits; mezcal; distilled blue agave liquor." The application was based on a home country registration which will not require evidence of use in the United States until five years following the date of registration which was May 1, 2018. The bottle depicted in the registration is as follows:



USPTO "Trademark Electronic Search System" page attached as Exhibit B.

**ANSWER**:  Defendants deny that an application was filed on December 19, 2015.

Defendants admit that on December 16, 2015 Matatena filed application No. 86/851,695 at the

USPTO to register the MUCHA LIGA bottle packaging design for use in connection with

"distilled spirits; mezcal; tequila."  Defendants admit that the application was based on Section

44(d), on priority to its Mexican application No. 1691566, which had a filing date of December

11, 2015. Defendants admit that Matatena intended to rely on Section 44(e) and the resulting

Mexican registration from application No. 1691566 as a basis for registration. Defendants admit

that on December 14, 2017, the description of goods for application No. 86/851,695 was amended

to "distilled spirits; mezcal; distilled blue agave liquor." Defendants admit that application No.

86/851,695 matured into Registration No. 5456109. Defendants admit that they are not required

to provide the USPTO with evidence of use until between five and six years following the date

of registration which was May 1, 2018. Defendants deny the remaining allegations in Paragraph

9.

    10.    On April 6, 2016, during prosecution of Matatena's application number 86851695 (which matured into U.S. Reg. No. 5456109), the examining attorney issued an office action referencing Globefill's Reg. No. 4043730 as a bar to registration of Matatena's trade dress on the ground of a likelihood of confusion between the two bottles under Section 2(d) of the Lanham Act 15 U.S.C. § 1052(d). The examining attorney stated that:

> The applicant's mark and the registrant's marks are highly similar and they convey a very similar commercial impression. Here, all of the marks share a very similar bottle design with the shape of a human head or skull and all of the marks are used to identify distilled alcoholic liquor. When the marks at issue are design marks, similarity of the marks is determined primarily on the basis of visual similarity. . . . However, a side-by-side comparison is not the test. . . . When comparing design marks, the focus is on the overall commercial impression conveyed by such marks, not on specific differences. . . . Where the goods and/or services of an applicant and registrant are identical or virtually identical, the degree of similarity between the marks required to support a finding of likelihood of confusion is not as great as in the case of diverse goods and or services. . . Such is the case here. The goods of the applicant are distilled spirits, mescal and tequila. The goods of the registrant are vodka. Thus, the goods of both parties are closely related because the goods of both parties are distilled alcoholic liquor. As such, the goods of both parties will travel and will be marketed in the same channels of trade to the same class of consumers. Thus, consumers are likely to encounter the goods of both parties and are likely to mistakenly believe that the goods emanate from the same source. Accordingly, confusion is likely.

    **ANSWER**: Defendants admit that application no. 86851695 matured into U.S. Reg. No.

5456109. Defendants admit that Paragraph 10 of the Complaint contains excerpts of the text

from the Office Action dated April 6, 2016, in which Globefill's Reg. No. 4043730 was cited as

a potential bar to registration of application no. 86851695 on the grounds of likelihood of

confusion under Section 2(d) of the Lanham Act 15 U.S.C. § 1052(d). Defendants deny the

remaining allegations in Paragraph 10.

    11. On June 15, 2016, despite the fact that Matatena's application was for "distilled spirits" generally (and separately, mezcal and tequila), and despite the fact that a Section 2(d) rejection analysis should properly be focused on likelihood of confusion between trade dress - not products contained in the packaging trade dress, Matatena responded to Office Action by making legally impermissible and factually misleading arguments, including, arguments such as: [the] product that the propose[d] trademark seek protection for are MEZCAL, TEQUILA, specifically, that excludes any other that the oppose registration protect: vodka ONLY, because my product it's only TEQUILA and MEZCAL, products that cannot be freely produced because they are DENOMINATION OF ORIGIN, and can only be produced in Mexico. A copy of the pertinent parts of June 15, 2016 Response to Office Action is attached as Exhibit D.

    **ANSWER**: Denied.

    12. In a May 22, 2017 Office Action dealing primarily with the need for Matatena to amend its drawing, the examining attorney inexplicably stated that "[t]he Section 2(d) refusal is withdrawn."

    **ANSWER**: Defendants admit that a May 22, 2017 Office Action concerning the need for

Matatena to amend its drawings also stated that "[t]he Section 2(d) refusal is withdrawn."

Defendants deny the remaining allegations in Paragraph 12.

    13. On June 13, 2019, one of Globefill's "Brand Managers" reported the market entry of Defendants' infringing bottle packaging in alcoholic beverage trade shows in this district, in Chicago, and in Brooklyn, New York earlier in the week. The Brand Manager took the following photographs at the Brooklyn Trade Show:



Copy of photos attached as Exhibit E.

    **ANSWER**: Defendants are without information or belief as to the truth or falsity of the

allegations contained in Paragraph 13, and therefore deny them.

    14. In a market comprised of many alcoholic beverage products, packaged in many different bottle shapes, only two are head or skull shaped, Globefill's CHV Bottle and Defendants' Bottle. Due to the similarity between these two, and their lack of similarity to any

other third-party bottle in the market, confusion is almost certain if Defendants' continue with their nascent market entry.

**ANSWER**: Denied.

## COUNT I:
## FEDERAL TRADEMARK INFRINGEMENT IN VIOLATION OF
## LANHAM ACT § 32; 15 U.S.C. §1114
## (Against All Defendants)

15. Globefill hereby repeats, and incorporates by reference, the allegations set forth in paragraphs 1 through 14 herein.

**ANSWER**: No response is required.

16. Defendants' conduct, as described above, is likely to cause confusion, mistake and deception, including, without limitation, among consumers in Illinois and in interstate commerce, and thus infringes Globefill's incontestable federally registered bottle shape trade dress in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

**ANSWER**: Denied.

17. As a direct and proximate result of Defendants' wrongful conduct, Globefill has lost, or is in serious risk of losing, control over its valuable, indispensable and irreplaceable goodwill, causing irreparable harm and injury.

**ANSWER**: Denied.

18. Injury to Globefill is continuing and will continue unless Defendants' actions are restrained by the Court. Unless Defendants are enjoined from continuing to engage in their wrongful conduct, Globefill will suffer further irreparable injury and harm, for which there is no adequate remedy at law.

**ANSWER**: Denied.

## COUNT II:
## FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION IN
## VIOLATION OF LANHAM ACT § 43(a); 15 U.S.C. §1125(a)
## (Against All Defendants)

19. Globefill hereby repeats, and incorporates by reference, the allegations set forth in paragraphs 1 through 18 herein.

**ANSWER**: No response is required.

20. Defendants' conduct, as described above, constitutes false designation of origin and unfair competition because it is likely to cause confusion, mistake and deception, including, without limitation, among consumers in Illinois and in interstate commerce, as to affiliation,

connection and association between the source of Globefill's product and that of Defendants' in violation of section 43(a) of the Lanham Act. 15 U.S.C. § 1125(a).

**ANSWER**: Denied.

21.    By the aforesaid acts, Defendants have falsely designated the origin, quality and nature of their goods and business and have falsely described and represented the same, causing likelihood of confusion and constituting unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C § 1125(a)). Unless enjoined by this Court from so doing, Defendants will continue to engage in its acts of false representation and designation as complained of herein, to the irreparable damage and injury of Globefill.

**ANSWER**: Denied.

22.    Upon information and belief, the aforesaid acts of false designation of origin by Defendants have been undertaken with knowledge of Globefill's exclusive rights to its bottle product packaging, and are willful, entitling Globefill to an award of treble damages and attorneys' fees in bringing and maintaining this action, pursuant to Section 35(b) of the Trademark Act, 15 U.S.C. § 1117(b).

**ANSWER**: Denied.

## COUNT III:
## CANCELLATION OF USPTO REGISTRATION NUMBER 5456109
## (Against Defendant Matatena)

23.    Globefill hereby repeats, and incorporates by reference, the allegations set forth in paragraphs 1 through 22 herein.

**ANSWER**: No response is required.

24.    Section 37 of the Lanham Act, 15 U.S.C. § 1119, empowers this Court to order the cancellation of a federally-registered trademark upon "any action involving a registered mark."

**ANSWER**: Defendants admit that Section 37 of the Lanham Act, 15 U.S.C. § 1119 states,

"In any action involving a registered mark the court may determine the right to registration, order

the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise

rectify the register with respect to the registrations of any party to the action. Decrees and orders

shall be certified by the court to the Director, who shall make appropriate entry upon the records

of the Patent and Trademark Office, and shall be controlled thereby."  Defendants deny the

remaining allegations in Paragraph 24.

25.    Globefill believes that it is being damaged by Matatena's Registration No. 5456109 for trade dress in the form of a bottle shaped as a head, registered on the Principal Register on May 1, 2018 for use in association with "distilled spirits; mezcal; distilled blue agave liquor" in international class 033, and hereby seeks cancellation of same.

**ANSWER**: Denied.

26.    Matatena's USPTO application number 86851695 was filed on December 16, 2015, and it was based on Section 44(d) of the Lanham Act 15 U.S.C. § 1126(d) (which gives it a priority date of the filling of its Mexican home country application on December 11, 2015). Matatena perfected its filing based on its Mexican home country registration number 1684208 under Section 44(e) of the Lanham Act 15 U.S.C. § 1126(e) and the registration issued under number 5456109.   Section 44(e) was the sole basis upon which registration number 5456109 issued, which means that Matatena was not required to use the trade dress in U.S. commerce as a prerequisite to registration.

**ANSWER**: Admitted.

27.    Globefill's trade dress registration number 4043730 issued on October 25, 2011, and Globefill's first use of its trade dress in U.S. commerce was in September 2008, giving Globefill priority of rights over Matatena's registration number 5456109.

**ANSWER**: Defendants admit that the USPTO records show that registration no. 4043730

issued on October 25, 2011. Defendants are without information or belief as to the truth or falsity

of the remaining allegations contained in Paragraph 27 and therefore deny them.

28.    The identification of goods in registration number 5456109 used a semi-colon following "distilled spirits" which, under the specific guidelines of Section 1402.01(a) of the USPTO's Trademark Manual of Examining Procedure ("TMEP"), means that "distilled spirits" is a claim of intended use separate and apart from "mezcal" and "distilled blue agave," which were also separated by semi-colons.

**ANSWER**: Defendants admit that there is a semi-colon following "distilled spirits."  The

remaining portion of Paragraph 28 calls for a legal conclusion for which no admission or denial

is required.  To the extent a response is required, Defendants deny the remaining allegations of

Paragraph 28.

29.    Although Matatena was not required to show evidence of use of these three separate categories of products, Section 1(b) of the Lanham Act 15 U.S.C. § 1051(b) required Matatena to verify that it had a *bona fide* intent to use the mark on all of the goods identified in the

application.

**ANSWER**: Defendants admit that Matatena was not required to provide evidence of use to the USPTO. Defendants deny that Matatena's application was ever based on 15 U.S.C. § 1051(b). Defendants deny the remaining allegations in Paragraph 29.

30.    Vodka is a "distilled spirit" and vodka is directly competitive with, complementary and related to "mezcal" and "distilled blue agave."

**ANSWER**: Defendants admit that vodka is a "distilled spirit."  Defendants deny the remaining allegations in Paragraph 30.

31.    Vodka, mezcal and distilled blue agave and all other distilled spirits travel in the same trade channels under the same purchasing conditions.

**ANSWER**: Denied.

32.    Color is not claimed as a feature in either Matatena's Reg. No. 5456109 or Globefill's Reg. No. 4043730.

**ANSWER**: Defendants admit that color is not claimed as a feature in Globefill's Reg. No. 4043730.  Defendants admit that color is not a claimed feature in Matatena's Reg. No. 5456109.

33.    Given that the shape of Matatena's trade dress, registered under USPTO Reg. No. 5456109, is very similar to that of Globefill's trade dress, registered under USPTO 4043730, for use in association with identical products (vodka being a "distilled spirit"), and that Globefill's rights have priority over that of Matatena, Reg. No. 5456109 should be cancelled under Section 2(d) of the Lanham Act 15 U.S.C. § 1052(d) on the basis of confusing similarity.

**ANSWER**: Denied.

## PRAYER FOR RELIEF

As to all Prayers for Relief set forth in the Complaint, Defendants deny that Plaintiff is entitled to any relief, as alleged or otherwise. All other allegations in the Complaint not specifically admitted or denied are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff is not entitled to preliminary or permanent injunctive relief because, among other reasons, Plaintiff unreasonably delayed in bringing this action, thus showing that Plaintiff is not suffering and will not suffer irreparable harm. Further, Plaintiff is not entitled to preliminary or permanent injunctive relief because Plaintiff is not likely to succeed on the merits; the balance of hardships associated with entering an injunction weighs heavily in Defendants' favor; and the public interest would be disserved by the issuance of any injunction.

### SECOND DEFENSE

Each of Plaintiff's alleged claims are barred, in whole or in part, by the doctrine of equitable estoppel. On information and belief, Globefill has been aware of Matatena and its U.S. trademark application for Defendants' Bottle since at least August 2, 2017. Globefill, through Mr. John Weber, was aware of Matatena's application number 86851695 at least as early as August 8, 2017.

The Matatena application number 86851695 published for opposition on February 13, 2018. The deadline for filing an opposition was March 15, 2018. No opposition was filed. Further, a U.S. importer had already received approval for the MUCHA LIGA labels from the Department of Treasury – Alcohol and Tobacco Tax and Trade Bureau on July 23, 2015. Matatena sold tequila in the MUCHA LIGA bottle design set forth in application number 86851695 to the importer as early as December 30, 2015. The importer sold to distributers in the United States thereafter and at least as early as January 2016.

Matatena had already successfully overcome a citation to Plaintiff's trademark registration during its trademark application process. Further, Plaintiff failed to oppose Matatena's trademark application. Plaintiff's failure to act when it first knew about the Matatena application and product,

combined with its failure to act during the nearly two years during which Defendants' Bottle has been in the marketplace since Plaintiff's letter, encouraged and mislead Defendants into believing in good faith that Plaintiff would not enforce any of its alleged rights.

During the years of inaction and peaceful coexistence of the parties' trade dress in the marketplace, Defendants expended a significant amount of time and resources to develop and grow a valuable business and goodwill surrounding Matatena's trade dress. Plaintiff knew or should have known that Defendants were continuing to invest time and resources in such development; yet Plaintiff never communicated any issue to Defendants until July 2, 2019. Because of Plaintiff's acts and Defendants' reasonable reliance on those acts, Defendants have thereby changed their position for the worse should Plaintiff succeed in its claims and therefore, Plaintiff's claims against Defendants are barred, in whole or in part, by the doctrine of estoppel.

## THIRD DEFENSE

Each of Globefill's claims are barred, in whole or in part, by the doctrine of laches, in that, on information and belief, Plaintiff had actual knowledge of Matatena and its U.S. trademark application for Defendants' Bottle as early as August 2, 2017. On information and belief, Globefill has been aware of Matatena and its U.S. trademark application for Defendants' Bottle since at least August 2, 2017. Globefill, through Mr. John Weber, was aware of Matatena's application number 86851695 at least as early as August 8, 2017.

The Matatena application number 86851695 published for opposition on February 13, 2018. The deadline for filing an opposition was March 15, 2018. No opposition was filed. Further, a U.S. importer had already received approval for the MUCHA LIGA labels from the Department of Treasury – Alcohol and Tobacco Tax and Trade Bureau on July 23, 2015. Matatena sold tequila in the MUCHA LIGA bottle design set forth in application number 86851695 to the importer as

early as December 30, 2015. The importer sold to distributers in the United States thereafter and at least as early as January 2016.

Matatena had already successfully overcome a citation to Plaintiff's trademark registration during its trademark application process. Further, Plaintiff failed to oppose Matatena's trademark application. Plaintiff's failure to act when it first knew about the Matatena application and product, combined with its failure to act during the nearly two years during which Defendants' Bottle has been in the marketplace since Plaintiff's letter, encouraged and mislead Defendants into believing in good faith that Plaintiff would not enforce any of its alleged rights.

During the years of inaction and peaceful coexistence of the parties' trade dress in the marketplace, Defendants expended a significant amount of time and resources to develop and grow a valuable business and goodwill surrounding Matatena's trade dress. Plaintiff knew or should have known that Defendants were continuing to invest time and resources in such development; yet Plaintiff never communicated any issue to Defendants until July 2, 2019.

Due to this inexcusable delay, Defendants would be prejudiced if the Court allowed Plaintiff to assert its alleged rights at this time. Globefill's claims against Defendants are therefore barred, in whole or in part, by the doctrine of laches.

### JURY DEMAND

Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38.

### PRAYER FOR RELIEF

WHEREFORE, Defendants request that the Court enter judgment as follows:

A.    That Globefill's claims be denied in their entirety and dismissed with prejudice;

B.    That Defendants be awarded attorneys' fees and costs incurred in defending this action;  and

C.    That the Court grant such other relief to Defendants as is just and equitable.

Dated:  October 8, 2019                          Respectfully submitted,

                                                 /s/ Christopher J. Fahy
                                                 Christopher J. Fahy
                                                 Bar No. 6286130
                                                 Alexis Crawford Douglas
                                                 Bar No. 6305677
                                                 **K&L GATES LLP**
                                                 70 W. Madison St., Suite 3100
                                                 Chicago, IL 60602
                                                 (312) 807-4324
                                                 christopher.fahy@klgates.com
                                                 alexis.douglas@klgates.com

                                                 Stewart Mesher
                                                 *Pro Hac Vice*
                                                 **K&L GATES LLP**
                                                 2801 Via Fortuna
                                                 Suite #350
                                                 Austin, Texas 78746
                                                 (512) 482-6841
                                                 stewart.mesher@klgates.com

                                                 *Attorneys for Defendants Stoller*
                                                 *Imports, Inc. and Matatena*
                                                 *Spirits, S.A. DE C.V.*